IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-395-KPJ |
| | § | |
| THE RENY COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Chelsa Brown's ("Ms. Brown") First Amended Motion for Summary Judgment (the "Motion") (Dkt. 17), wherein Ms. Brown moves for summary judgment on all eight claims she asserted in her First Amended Complaint. Also pending before the Court is Defendant The Reny Company's ("Defendant") Motion to Strike Plaintiff's Summary Judgment Evidence (the "Motion to Strike") (Dkt. 29), wherein Defendant seeks to strike certain materials submitted by Ms. Brown with her summary judgment briefing. Having considered the parties' briefing, the evidence, and the relevant law, the Motion (Dkt. 17) is **denied** and the Motion to Strike (Dkt. 29) is **denied as moot**.

**I. BACKGROUND**

On April 27, 2021, Ms. Brown, proceeding *pro se*, commenced this lawsuit against her former employer, Defendant. *See* Dkt. 3. On June 14, 2021, Ms. Brown amended her complaint (the "First Amended Complaint"). *See* Dkt. 16. The First Amended Complaint is the live complaint in this matter. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint[.]"). In the First Amended Complaint, Ms. Brown asserted the following eight claims against Defendant for "wrongful terminat[ion]" of her employment: (1)

1

violations of the Americans with Disabilities Act of 1990 (the "ADA"), Families First Coronavirus Response Act (the "FFCRA"), and the Civil Rights Act of 1964; (2) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (3) wrongful termination in violation of "Section 385 Fair Work Act 2009"; (4) violation of due process under the Equal Protection Clause of the Fourteenth Amendment; (5) intentional infliction of emotional distress; (6) retaliation; (7) defamation; and (8) violation of the Family and Medical Leave Act (the "FMLA"). *See* Dkt. 16 at 3–7.

On the same date she filed the First Amended Complaint, Ms. Brown filed the Motion for Summary Judgment that is presently before the Court. *See* Dkt. 17. Ms. Brown submitted approximately fifty (50) pages of exhibits with the Motion.[1] *See id.*, Dkt. 18. Defendant filed a response in opposition to the Motion. *See* Dkt. 28. In addition, Defendant filed the Motion to Strike (Dkt. 29), wherein Defendant seeks to strike certain exhibits Ms. Brown submitted with her summary judgment Motion. Ms. Brown filed a response in opposition to the Motion to Strike, to which Defendant filed a reply, and Ms. Brown filed a sur-reply. *See* Dkts. 32, 36–38.

## II.  ANALYSIS

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). "The principal function of the motion for summary judgment is to show that, in the absence of factual disputes, one or more of the essential elements of a claim

---

[1] The exhibits consist of a chronology prepared by Ms. Brown; short-term disability paperwork; U.S. Equal Employment Opportunity Commission ("EEOC") filings; letter correspondence from Defendant; medical evidence; e-mail correspondence between Ms. Brown and Defendant; an incident report issued by the Plano Police Department; a work-from-home expectations form signed by Ms. Brown; and various documents, from unknown sources, regarding reasonable accommodations under the ADA and taking FMLA leave. *See* Dkt. 17-1 to -10; Dkt. 18.

or defense before the court is not in doubt and that, as a result, judgment should be entered on the basis of purely legal considerations." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). As the party moving for summary judgment, Ms. Brown has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, Ms. Brown must identify "those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [she] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, this Court's local rule for summary judgment procedures requires the movant to include: (1) a statement of the issues to be decided by the Court, and (2) a statement of undisputed material facts, along with "appropriate citations to proper summary judgment evidence." LOCAL R. CV-56(a). As used within the local rule, "proper summary judgment evidence" means "excerpted copies of pleadings, depositions, documents, electronically stored information, answers to interrogatories, admissions, affidavits or declarations, stipulations (including those made for purposes of the motion only), and other admissible evidence cited in the motion for summary judgment or the response thereto." LOCAL R. CV-56(d). "Appropriate citations" means that "any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line." *Id*.

Upon review of the Motion and supporting exhibits, the Court finds that Ms. Brown has failed to satisfy the requirements necessary to obtain summary judgment on any of her claims. The Motion largely copies verbatim from Ms. Brown's First Amended Complaint. Ms. Brown fails to identify the nature or elements of each claim, with her argument for each claim consisting of a single perfunctory sentence stating that she is entitled to summary judgment on that claim. *See, e.g.*, Dkt. 17 at 4 ("The plaintiff alleges she is entitled to a summary judgment against the defendant

3

as the defendant violated her constitutional rights as outlined in the [ADA]."); *id.* at 5 ("The plaintiff alleges she is entitled to summary judgment based on disability discrimination by the defendant."); *id.* ("The plaintiff alleges that she is entitled to summary judgment against the defendant based on wrongful termination."). Ms. Brown also failed to provide a statement of the issues to be decided by the Court. Though Ms. Brown submitted evidence in support of the Motion, she did not cite to this evidence in the Motion itself, thereby leaving the Court unable to connect the evidence to any particular argument or claim. Likewise, Ms. Brown failed to submit a statement of undisputed material facts, with appropriate citations to the summary judgment record. The "Case Background" section in the Motion does not suffice as a statement of undisputed material facts.

While the Court acknowledges Ms. Brown's status as a *pro se* litigant, the Fifth Circuit has cautioned that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007). Further, "the Federal Rules of Civil Procedure and the relevant local rules of the district court are sufficient to provide pro se litigants with notice of the requirements of summary judgment." *Hale v. Burns Int'l Sec. Servs. Corp.*, 72 F. App'x 100, 101 (5th Cir. 2003). Thus, Ms. Brown's *pro se* status does not excuse her from complying with the Federal Rules of Civil Procedure and this Court's local rules regarding summary judgment. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017). Ms. Brown has not met her burden of showing that she is entitled to summary judgment. Merely stating that she is entitled to summary judgment, as Ms. Brown has done, is insufficient. In short, Ms. Brown presents nothing more than a perfunctory and conclusory motion for summary judgment, which should be denied.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Motion (Dkt. 17) is **DENIED**. The Motion to Strike (Dkt. 29) is therefore **DENIED AS MOOT**.

**So ORDERED and SIGNED this 29th day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE