IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-395-KPJ |
| | § | |
| THE RENY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Chelsa Brown's ("Ms. Brown") Third Amended Motion for Summary Judgment (the "Motion") (Dkt. 63).[1] Defendant The Reny Company ("Defendant") filed a response in opposition. *See* Dkt. 65. Also pending before the Court is Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (the "Motion to Strike") (Dkt. 66), wherein Defendant seeks to strike certain materials submitted by Ms. Brown with her summary judgment briefing. Having considered the parties' briefing, the evidence, and the relevant law, the Motion (Dkt. 63) is **denied** and the Motion to Strike (Dkt. 66) is **denied as moot**.

### I. BACKGROUND

On April 27, 2021, Ms. Brown, proceeding *pro se*, commenced this lawsuit against her former employer, Defendant. *See* Dkt. 3. On May 26, 2021, Ms. Brown moved for summary judgment. *See* Dkt. 14. Shortly thereafter, Ms. Brown amended her complaint (the "First Amended Complaint"). *See* Dkt. 16. The Court denied Ms. Brown's first motion for summary judgment as moot due to the filing of the First Amended Complaint. *See* Dkt. 25.

---

[1] On May 25, 2021, this case was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636. *See* Dkt. 12. On January 14, 2022, this matter was referred to the undersigned for all further proceedings and entry of judgment by consent of the parties. *See* Dkt. 56.

1

In the First Amended Complaint, Ms. Brown asserted numerous claims against Defendant for "wrongful terminat[ion]" of her employment. *Id.* at 3–7. On the same day she filed the First Amended Complaint, Ms. Brown filed a second motion for summary judgment. *See* Dkt. 17. The Court denied the motion because it failed to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. 61.

On June 28, 2021, Defendant moved to dismiss several claims raised in the First Amended Complaint. *See* Dkt. 22. On March 31, 2022, the Court granted in part and denied in part Defendant's motion to dismiss. *See* Dkt. 62. The Court ruled:

1. The Motion is **DENIED** as to Ms. Brown's claims arising under the ADA.

2. The Motion is **GRANTED** as to Ms. Brown's due process claim arising under the Fourteenth Amendment and wrongful termination claim arising under the Fair Work Act 2009. These claims are **DISMISSED WITH PREJUDICE**.

3. The Motion is **GRANTED** as to Ms. Brown's claims arising under the FFCRA, Title VII of the Civil Rights Act, the FMLA, as well as her retaliation claims under the ADEA, Title VII, and GINA. These claims are **DISMISSED WITHOUT PREJUDICE**.

*Id.* at 18. As to the claims that were dismissed without prejudice, the Court afforded Ms. Brown fourteen days to amend her complaint. *Id.* To date, Ms. Brown has not amended her complaint. Therefore, the First Amended Complaint remains the operative complaint in this matter.

On April 14, 2022, Ms. Brown filed her Third Amended Motion for Summary Judgment, which is presently before the Court. *See* Dkt. 63. Defendant filed a response in opposition (Dkt. 65) and also moved to strike certain evidence Ms. Brown submitted with the Motion (Dkt. 66).

The Court will set forth the relevant facts, as needed, in its analysis of the Motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). When the movant carries the burden of proof of trial, as Ms. Brown does on her claims, her "burden is even higher; [s]he must establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (internal citation omitted); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue . . . because he is the plaintiff . . . , he must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor."). "Only if the movant succeeds must the nonmovant designate specific facts showing there is a genuine issue for trial." *Guzman*, 18 F.4th at 160.

## III. ANALYSIS

Ms. Brown's third attempt at seeking summary judgment fares no better than her prior motions. As an initial matter, Ms. Brown seeks summary judgment on multiple claims that were previously dismissed by the Court. In particular, Ms. Brown moves for summary judgment on:

1. Discrimination and retaliation claims under Title VII of the Civil Rights Act ("Title VII");

2. Retaliation claims under the Age Discrimination in Employment Act ("ADEA") and Genetic Information Nondiscrimination Act ("GINA"); and

3. Claim under the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), a component of the Families First Coronavirus Response Act ("FFCRA").

*See* Dkt. 63 at 4–5. As stated earlier, the Court granted Defendant's motion to dismiss as to Ms. Brown's Title VII, ADEA, and GINA claims. *See supra* p. 2. Although Ms. Brown was afforded

an opportunity to amend these claims, she did not. Ms. Brown is therefore not entitled to summary judgment on these previously dismissed claims.

As for Ms. Brown's FFCRA claim, the Court also granted Defendant's motion to dismiss this claim because Ms. Brown referred "only in passing to the FFCRA in the First Amended Complaint, and [did] not specify whether she is seeking relief under the EPLSA or EFMLEA." *See* Dkt. 62 at 10. Ms. Brown was given an opportunity to amend her FFCRA claim, but failed to do so. In the Motion, Ms. Brown clarifies that her FFCRA claim is asserted under the EFMLEA. *See* Dkt. 63 at 4. Ms. Brown offers no explanation regarding why she failed to amend her claim to add this clarification. Because the FFCRA claim has already been dismissed, Ms. Brown cannot now seek summary judgment on this claim. Additionally, even if the Court were to consider Ms. Brown's assertions in her Motion regarding the EFMLEA, Ms. Brown still would not be entitled to relief. Through the EFMLEA, the FFCRA temporarily amended the FMLA to provide up to twelve weeks of family and medical leave for covered employees who have a "qualifying need related to a public health emergency." FFCRA, Pub. L. No. 116-127, §§ 3101–06, 134 Stat. 178, (2020) (codified at 29 U.S.C. § 2612). An employee has such a qualifying need if:

> the employee is unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency.

*Id.* at § 2620(a)(2)(A). The requisite "public health emergency" is required to be related to COVID-19. *Id.* at § 2620(a)(2)(B). Here, Ms. Brown asserts in the Motion that she is entitled to EFMLEA relief because she "was working from home in August of 2020, initially caring for a child whose school was closed for reasons related to COVID-19." *See* Dkt. 63 at 4. Because Ms. Brown was able to telework, however, she does not fall within the scope of EFMLEA coverage. *See* § 26020(a)(2)(A) (stating that a qualifying need under the EFMLEA arises if the "employee is

4

unable to work (or telework)"); *see also* Paid Leave Under the Families First Coronavirus Response Act, 85 Fed. Reg. 19,326 (Apr. 6, 2020), 2020 WL 1663275 ("The EFMLEA requires employers to provide expanded paid family and medical leave to eligible employees *who are unable to work* because the employee is caring for his or her son or daughter whose school or place of care is closed or whose child care provider is unavailable due to a public health emergency." (emphasis added)). Furthermore, Defendant has presented uncontroverted evidence in its response that Ms. Brown's minor child's school reopened for in-person learning on September 9, 2020. *See* Dkt. 65-1 at 5. Ms. Brown does not allege, nor does she present evidence of, a "qualifying need" past this date that would entitle her to relief under the EFMLEA. Accordingly, the Court denies the Motion as to Ms. Brown's FFCRA claim.

In addition to seeking summary judgment on previously dismissed claims, the Motion seeks summary judgment on new claims not raised in the First Amended Complaint. *See* Dkt. 63 at 3. Ms. Brown specifically argues that Defendant terminated her employment in violation of "Section 504 of the Rehabilitation Act of 1973 and Section 1557 of the Patient Protection and Affordable Care Act (Section 1557)." *Id.* These new claims are not properly before the Court. *See Solferini v. Corradi USA, Inc.*, No. 4:18-cv-293, 2020 WL 1511315, at *6 (E.D. Tex. Mar. 30, 2020), *aff'd*, No. 20-40645, 2021 WL 3619905 (5th Cir. Aug. 13, 2021) ("A party may not raise a claim in its motion for summary judgment that was not asserted in the party's complaint."); *see also U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) (holding the district court did not err in denying the plaintiff's motion for summary judgment because he attempted to raise new claims that were not asserted in his complaint) (citations omitted); *cf. Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)

("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

Finally, Ms. Brown seeks summary judgment on her ADA claim. *See* Dkt. 63 at 3–4. Her argument consists of the following assertions:

> Defendant violated the A.D.A. by intentionally discriminating against plaintiff based on her disability. Defendant's discriminatory acts include denying [Ms. Brown] reasonable work from home accommodations. At the same time, other employees worked from home and terminated [Ms. Brown's] employment due to her Covid-19 diagnosis. Defendant discriminated against [Ms. Brown] by failing to accommodate a good work from home schedule per [Ms. Brown] and doctor's request. [Ms. Brown] requires reasonable accommodations to perform her job: A work from home assignment. Although [Ms. Brown] requested these accommodations, Defendant did not make them. Because Long COVID substantially limits at least one of [Ms. Brown's] major life activities, Ms. Brown is an individual with a disability under the A.D.A.

*Id.* at 4. Ms. Brown does not point to any evidence supporting these assertions. Although she attached evidence to her Motion, she failed to connect the evidence to her ADA claim. Thus, once again, Ms. Brown has not followed the requirements of Rule 56 of the Federal Rules of Civil Procedure and this Court's local rules regarding summary judgment. The Court previously cautioned Ms. Brown that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007). In short, Ms. Brown has not established "beyond peradventure *all* of the essential elements" of her ADA claim. *See Guzman*, 18 F.4th at 160. Consequently, Ms. Brown is not entitled to summary judgment on her ADA claim.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Motion (Dkt. 63) is **DENIED**. The Motion to Strike (Dkt. 66) is therefore **DENIED AS MOOT**.

**So ORDERED and SIGNED this 15th day of June, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE