IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSA BROWN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-395-KPJ |
| THE RENY COMPANY, | § § | |
| Defendant. | § § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Chelsa Brown's ("Plaintiff" or "Ms. Brown") Motion to Alter or Amend the Judgment (the "Motion") (Dkt. 74), wherein Plaintiff requests the Court alter or amend granting final judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] Defendant the Reny Company ("Defendant") filed a response in opposition, and an objection to Plaintiff's evidence included in support of the Motion. *See* Dkt. 76. Upon consideration, the Court finds the Motion (Dkt. 74) is hereby **DENIED**, and Defendant's Objection (Dkt. 76) is **DENIED AS MOOT**.

**I. BACKGROUND**

On April 27, 2021, Plaintiff, proceeding *pro se*, commenced this lawsuit against her former employer, Defendant. *See* Dkt. 3. On May 26, 2021, Plaintiff moved for summary judgment. *See* Dkt. 14. Shortly thereafter, Plaintiff amended her complaint (the "First Amended Complaint"). *See* Dkt. 16. The Court denied Plaintiff's first motion for summary judgment as moot due to the filing of the First Amended Complaint. *See* Dkt 25. In the First Amended Complaint, Plaintiff asserted

---

[1] On May 25, 2021, this case was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636. *See* Dkt. 12. On January 14, 2022, this matter was referred to the undersigned for all further proceedings and entry of judgment by consent of the parties. *See* Dkt. 56.

1

numerous claims against Defendant for "wrongful terminat[ion]" of her employment. Dkt. 16 at 3–7. On the same day she filed the First Amended Complaint, Plaintiff filed a second motion for summary judgment. *See* Dkt. 17. The Court denied the motion for summary judgment because it failed to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. 61.

On June 28, 2021, Defendant moved to dismiss several claims raised in the First Amended Complaint. *See* Dkt. 22. On February 14, 2022, Defendant filed their motion for summary judgment ("Defendant's Motion for Summary Judgment") (Dkt. 59). Plaintiff did not respond to Defendant's Motion for Summary Judgment. On March 31, 2022, the Court granted in part and denied in part Defendant's motion to dismiss. *See* Dkt. 62. The Court ruled:

1. The Motion is **DENIED** as to Ms. Brown's claims arising under the ADA.

2. The Motion is **GRANTED** as to Ms. Brown's due process claim arising under the Fourteenth Amendment and wrongful termination claim arising under the Fair Work Act 2009. These claims are **DISMISSED WITH PREJUDICE**.

3. The Motion is **GRANTED** as to Ms. Brown's claims arising under the FFCRA, Title VII of the Civil Rights Act, the FMLA, as well as her retaliation claims under the ADEA, Title VII, and GINA. These claims are **DISMISSED WITHOUT PREJUDICE**.

*Id.* at 18. As to the claims that were dismissed without prejudice, the Court afforded Plaintiff fourteen days to amend her complaint. *Id.* Plaintiff did not amend her complaint and only three claims remained pending: (1) violations of the ADA; (2) defamation; and (3) intentional infliction of emotional distress. On April 14, 2022, Plaintiff filed the Third Amended Motion for Summary Judgment. *See* Dkt. 63.

On June 15, 2022, the Court denied Plaintiff's Third Amended Motion for Summary Judgment (Dkt. 63) because Plaintiff sought summary judgment on previously dismissed claims, failed to amend her complaint as to claims dismissed without prejudice, asserted new claims not within her First Amended Complaint, and failed to point to any evidence supporting her ADA claim. *See* Dkt. 71. On June 21, 2022, the Court granted Defendant's Motion for Summary Judgment (Dkt. 59) as to Plaintiff's remaining claims under the ADA, defamation, and intentional infliction of emotional distress. *See* Dkt. 72. On June 22, 2022, the Court ordered the entire action and all claims asserted therein be dismissed with prejudice, and directed the Clerk of Court to close this action. *See* Dkt. 73.

On July 20, 2022, Plaintiff filed the Motion (Dkt. 74), wherein Plaintiff argues the Court should vacate the judgment because of newly discovered evidence including that her claim under the U.S. Equal Employment Opportunity Commission ("EEOC") was active as of November 5, 2020, and Plaintiff's alleged firing for not working from the office when Defendant had a work from home program shows there was a retaliatory motive. *See id.* at 2. Additionally, Plaintiff asserts that if she is afforded an opportunity to present this new evidence, it would prevent a clear error or manifest injustice. *See id.* In support of the Motion, Plaintiff filed under seal the following: an email from Defendant's employee, Christina Hartwell, dated November 20, 2020, and excerpts from Defendant's employee policy handbook, *see* Dkt. 75-1 at 1–10; Plaintiff's documentation submitted to the EEOC and the EEOC's Dismissal and Notice of Rights dated February 22, 2021, *see* Dkt. 75-2 at 1–8; Plaintiff's termination letter, medical records, letter with physician Jeffrey Komenda MD, *see id.* at 9–33; Plano Police Department incident report dated December 28, 2022, *See* Dkt. 75-3 at 1–3; text messages sent between Plaintiff and her former co-workers, Sandra Threadgill and Patricia Neal, and former manager, Sheila Bunton, dated between December 23,

3

2020 and April 9, 2021, *see* Dkt. 75-4 at 1–19; Plaintiff's unemployment benefits, *see* Dkt. 75-5 at 1–5; witness statements from KaTia Campbell, Erika Anderson, and Felicia Ellis regarding Plaintiff's "character and how all of this has affected [Plaintiff]," *see* Dkt. 75-6 at 1–5; and Plaintiff's benefits records and group explanation of benefits at Lincoln Financial Group, *see* Dkt. 75-7 at 1–14. On August 3, 2022, Defendant filed its response in opposition to the motion (Dkt. 76), wherein Defendant objects to the introduction of Plaintiff's evidence, arguing: Plaintiff failed to authenticate the documents under Rules 901 or 902 of the Federal Rules of Evidence; the affidavits do not contain language indicating they were made under penalty of perjury; only the affidavit related to the text messages contains language indicating the matters therein are true and correct; and the text messages submitted by Plaintiff are hearsay that do not fall within any exception. *See id.* at 3–4. Defendant argues Plaintiff fails to present any grounds for altering or amending the final judgment, as Plaintiff's attached evidence has already been considered by the Court. *See id.* at 5–6. Additionally, Defendant argues Plaintiff did not produce the text messages attached to the Motion (Dkt. 74) to Defendant despite Plaintiff's obligation to do so under Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff makes only conclusory assertions, Plaintiff fails to comply with Local Rule CV-56's requirements, and Plaintiff does not point to any error of law or fact. *See* Dkt. 76 at 7–9.

## II. LEGAL STANDARD

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000) (per curiam) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). However, a motion seeking reconsideration may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs*, 147

F.3d at 371 n.10). "'If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.'" *Reader v. United States*, No. 4:16-cv-37, 2017 WL 5653349, at *1 (E.D. Tex. Jan. 19, 2017) (quoting *Milazzo v. Young*, No. 6:11-cv-350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012)). Motions for reconsideration "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x. 359, 364 (5th Cir. 2009) (per curiam) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–74 (5th Cir. 1989)).

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). As such, "Rule 59(e) serves the narrow purpose of allowing a party to correct errors of law or fact or to present newly discovered evidence." *Id.* at 479 (citation and quotation marks omitted). Further, "[r]elief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). Altering, amending, or reconsidering a judgment is an "extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

### III. ANALYSIS

Plaintiff filed the Motion twenty-eight days after the Court's order entering final judgment; thus, the Motion is construed under Rule 59(e). *See Reader*, 2017 WL 5653349, at *1. Plaintiff argues the Court should vacate the judgment because of Plaintiff's alleged new evidence. *See* Dkt. 74 at 2. A motion to reconsider should not be granted on the basis of newly discovered evidence unless: "(1) the facts discovered are of such a nature that they would probably change the outcome;

5

(2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954)). Plaintiff bears the burden of "proving [both] that consideration of any new facts 'would probably change the outcome' of the suit and the facts are 'the type of new evidence that a truly diligent litigant would be powerless to unearth' prior to the original motion." *Dunn v. Apache Indus. Servs., Inc.*, No. 17-12777, 2022 WL 815257, at *3 (E.D. La. Mar. 17, 2022) (quoting *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015)).

Plaintiff does not explain how or why the submitted documents have been unavailable prior to filing the Motion. *See generally* Dkt. 74; Dkt. 75. To the contrary, Defendant asserts nearly all of the documents were available and have been previously filed with the Court.[2] It appears the only evidence not previously submitted or disclosed by Plaintiff are Plaintiff's text messages sent between her and her former co-workers, Sandra Threadgill and Patricia Neal, and her former manager, Sheila Bunton, which appear to be dated between December 23, 2020 and April 9, 2021.

---

[2] Defendant provides a table to assert the following documents have been provided to the Court: email from Christina Hartwell dated November 30, 2020, filed in support of Plaintiff's original complaint (Dkt. 3); excerpts from Defendant's employee handbook filed in support of Plaintiff's motion for summary judgment (Dkt. 59-1); EEOC materials included in support of Plaintiff's Third amended Motion for Summary Judgment (Dkt. 63-3); Plaintiff's charge of discrimination included in Plaintiff's original complaint (Dkt. 3); Plaintiff's termination letter included as support for her first amended motion for summary judgment (Dkt. 17-9); correspondence with physician Jeffrey Komenda filed in support of Plaintiff's Third Amended Motion for Summary Judgment (Dkt. 63-3); medical records filed under seal in support of Plaintiff's Motion to Strike Response (Dkt. 37); medical records filed in support of Plaintiff's "Objection to Defendant's Reply in Support Motion to Strike Evidence in Plaintiff's Motion for Summary Judgment" (Dkt. 38); Plano Police Department Incident Report (Dkt. 17-4); Texas Workforce Commission documents (Dkt. 37-8); written statement from KaTia Campbell filed in support of "Amended Plaintiff's Initial Complaint for Damages" (Dkt. 21); written statements from Erika Anderson and Felicia Ellis filed in support of Plaintiff's "Objection to Defendant's Reply in Support Motion for Strike Evidence in Plaintiff's Motion for Summary Judgment" (Dkt. 38); written statement by Plaintiff dated January 10, 2021, filed in support of Plaintiff's Motion to Strike Response (Dkt. 37); financial records from Lincoln Financial Group filed in support of Plaintiff's Motion to Strike Response (Dkt. 37); and group explanation of benefits from Lincoln Financial Group filed in support of Plaintiff's "Objection to Defendant's Reply in Support Motion to Strike Evidence in Plaintiff's Motion for Summary Judgment" (Dkt. 38). *See* Dkt. 76 at 5–6.

Upon review, the Court notes some of Plaintiff's allegedly new evidence has been filed several times in support of different motions.

*See* Dkt. 75-4 at 1–19. Defendant asserts these text messages were not provided to Defendant, as required under Rule 26(a) and Rule 26(e)(1) of the Federal Rules of Civil Procedure. *See* Dkt. 76 at 6–7.

Plaintiff does not explain the reason for her failure to produce these text messages or file them before the Court except for her assertion, "I was not able to retrieve these texts until now and I would like to submit them as new evidence to the court to support my claims brought against [Defendant]."[3] Dkt. 75-4 at 1. Plaintiff's vague statement about her inability to retrieve her own text messages is not sufficient. *See Ferraro*, 796 F.3d at 535 ("Before this Court, the [plaintiffs] offer no reason why they did not include the email in their opposition to [the defendant's] motion for summary judgment . . . The [plaintiffs] have not shown that the email is 'the type of 'new evidence' that a truly diligent litigant would be powerless to unearth' prior to summary judgment . . . ." (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995))); *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 734 (5th Cir. 2008) (per curiam) ("Based upon this record, [the plaintiff] completely failed to demonstrate why he could not have pursued this 'critical' discovery earlier in the litigation by proper diligence."); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (per curiam) ("[T]he unexcused failure to present evidence which is available at the time summary judgment is under consideration constitute a valid basis for denying a motion to reconsider."); *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996) (collecting cases) ("Evidence that was available to a party at the time of the decision being challenged, but was not timely submitted does not ordinarily qualify as newly-discovered evidence."); *Dunn*, 2022 WL 815257, at *5 (collecting cases) ("Plaintiff fails to explain whether these documents could have been discovered through other means, and if so, why those means were not pursued."). Thus, these

---

[3] Plaintiff's affidavit regarding the text messages is the only affidavit that attempts to address how this evidence may have not been previously available. *See* Dkt. 75-4 at 1.

7

text messages do not appear to be newly discovered evidence for purposes of a Rule 59(e) motion, as Plaintiff has not met her burden in showing she exercised proper diligence.

Furthermore, Plaintiff has not met her burden in proving that consideration of these text messages "'would probably change the outcome' of the suit . . . ." *Dunn*, 2022 WL 815257, at *3 (quoting *Ferraro*, 796 F.3d at 535). These text messages appear to be Plaintiff's conversation with her former co-workers, Sandra Threadgill and Patricia Neal, regarding the filing and ongoing status of this lawsuit, *see* Dkt. 75-4 at 3–17; and messages between Plaintiff and her manager, Sheila Bunton, regarding Plaintiff's health status prior to Plaintiff's termination Plaintiff, *see id.* at 18–19. Plaintiff does not explain or point to how these text messages would alter the Court's decision to grant Defendant's Motion for Summary Judgment, *see* Dkt. 72, and enter final judgment, *see* Dkt. 73. *See McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 376 (5th Cir. 2013) ("Although [the plaintiff] presented a number of 'additional facts that were found in discovery,' she failed to explain how any of them would have changed the outcome or to show that they could not have been discovered through proper diligence.").

As Plaintiff's evidence does not qualify as "newly discovered" and Plaintiff has not met her burden in showing any of the alleged new evidence would change the outcome, the Court finds reconsideration is not warranted.

### IV.   CONCLUSION

For the foregoing reasons, the Motion (Dkt. 74) is hereby **DENIED** and Defendant's Objection (Dkt. 76) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 28th day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE