IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-395-KPJ |
| | § | |
| THE RENY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Chelsa Brown's ("Plaintiff" or "Ms. Brown") Motion for Leave to Appeal In Forma Pauperis (the "Motion for Leave") (Dkt. 79).[1] Upon consideration, the Court finds the Motion (Dkt. 79) is hereby **DENIED**.

**I. BACKGROUND**

On April 27, 2021, Plaintiff, proceeding *pro se*, commenced this lawsuit against her former employer, Defendant The Reny Company ("Defendant"). *See* Dkt. 3. On May 26, 2021, Plaintiff moved for summary judgment. *See* Dkt. 14. Shortly thereafter, Plaintiff amended her complaint (the "First Amended Complaint") (Dkt. 16). The Court denied Plaintiff's first motion for summary judgment as moot due to the filing of the First Amended Complaint. *See* Dkt 25. In the First Amended Complaint, Plaintiff asserted numerous claims against Defendant for "wrongful terminat[ion]" of her employment. Dkt. 16 at 3–7. On the same day she filed the First Amended Complaint, Plaintiff filed a second motion for summary judgment (the "First Amended Motion for Summary Judgment") (Dkt. 17). The Court denied the First Amended Motion for Summary

---

[1] On May 25, 2021, this case was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636. *See* Dkt. 12. On January 14, 2022, this matter was referred to the undersigned for all further proceedings and entry of judgment by consent of the parties. *See* Dkt. 56.

Judgment (Dkt. 17) because it failed to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. 61.

On June 28, 2021, Defendant filed a motion to dismiss ("Defendant's Motion to Dismiss") (Dkt. 22) several claims raised in the First Amended Complaint. *See id.* On February 14, 2022, Defendant filed its motion for summary judgment ("Defendant's Motion for Summary Judgment") (Dkt. 59). Plaintiff did not respond to Defendant's Motion for Summary Judgment. On March 31, 2022, the Court granted in part and denied in part Defendant's Motion to Dismiss (Dkt. 22). *See* Dkt. 62. The Court ruled:

1. The Motion is **DENIED** as to Ms. Brown's claims arising under the ADA.

2. The Motion is **GRANTED** as to Ms. Brown's due process claim arising under the Fourteenth Amendment and wrongful termination claim arising under the Fair Work Act 2009. These claims are **DISMISSED WITH PREJUDICE**.

3. The Motion is **GRANTED** as to Ms. Brown's claims arising under the FFCRA, Title VII of the Civil Rights Act, the FMLA, as well as her retaliation claims under the ADEA, Title VII, and GINA. These claims are **DISMISSED WITHOUT PREJUDICE**.

*Id.* at 18. As to the claims that were dismissed without prejudice, the Court afforded Plaintiff fourteen days to amend her complaint. *Id.* Plaintiff did not amend her complaint and only three claims remained pending: (1) violations of the ADA; (2) defamation; and (3) intentional infliction of emotional distress. On April 14, 2022, Plaintiff filed the Third Amended Motion for Summary Judgment. *See* Dkt. 63.

On June 15, 2022, the Court denied Plaintiff's Third Amended Motion for Summary Judgment (Dkt. 63) because Plaintiff sought summary judgment on previously dismissed claims, failed to amend her complaint as to claims dismissed without prejudice, asserted new claims not within her First Amended Complaint, and failed to assert any evidence supporting her ADA claim. *See* Dkt. 71. On June 21, 2022, the Court granted Defendant's Motion for Summary Judgment

(Dkt. 59) as to Plaintiff's remaining claims under the ADA, defamation, and intentional infliction of emotional distress. *See* Dkt. 72. On June 22, 2022, the Court ordered the entire action and all claims asserted therein be dismissed with prejudice, and directed the Clerk of Court to close this action. *See* Dkt. 73.

On July 20, 2022, Plaintiff filed the Motion to Alter or Amend the Judgment (the "Motion for Reconsideration") (Dkt. 74), wherein Plaintiff argued the Court should vacate the judgment because of newly discovered evidence including that her claim under the U.S. Equal Employment Opportunity Commission ("EEOC") was active as of November 5, 2020, and Plaintiff's alleged firing for not working from the office when Defendant had a work from home program shows there was a retaliatory motive. *See id.* at 2. Additionally, Plaintiff asserted that if she is afforded an opportunity to present this new evidence, it would prevent a clear error or manifest injustice. *See id.* Defendant filed its response in opposition to the motion (Dkt. 76), wherein Defendant objected to the introduction of Plaintiff's evidence, arguing: Plaintiff failed to authenticate the documents under Rules 901 or 902 of the Federal Rules of Evidence; the affidavits did not contain language indicating they were made under penalty of perjury; only the affidavit related to the text messages contained language indicating the matters therein are true and correct; and the text messages submitted by Plaintiff are hearsay that do not fall within any exception. *See id.* at 3–4. Defendant argued Plaintiff failed to present any grounds for altering or amending the final judgment, as Plaintiff's attached evidence has already been considered by the Court. *See id.* at 5–6. Additionally, Defendant argued Plaintiff did not produce the text messages attached to the Motion (Dkt. 74) to Defendant despite Plaintiff's obligation to do so under Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff made only conclusory assertions, Plaintiff failed to

3

comply with Local Rule CV-56's requirements, and Plaintiff did not point to any error of law or fact. *See* Dkt. 76 at 7–9.

On December 28, 2022, the Court denied the Motion for Reconsideration (Dkt. 74) for, *inter alia*, the following reasons: Plaintiff did not explain how or why the submitted documents have been unavailable prior to filing the Motion for Reconsideration (Dkt. 74); Plaintiff's text messages were not newly discovered evidence for purposes of a Rule 59(e) motion, as Plaintiff had not met her burden in showing she exercised proper diligence; and Plaintiff did not meet her burden in proving that consideration of these text messages would have changed the outcome. *See* Dkt. 77 at 5–8. On March 3, 2023, Plaintiff filed her Notice of Appeal (Dkt. 78) as to the Court's December 28, 2022 Order (Dkt. 77). Also on March 3, 2023, Plaintiff filed the Motion for Leave (Dkt. 79), wherein Plaintiff includes an affidavit in support of the Motion for Leave. *See id.* at 2–6.

## II.   LEGAL STANDARD

28 U.S.C. Section 1915(a) governs *in forma pauperis motions* and requires the movant state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a). Additionally, a party seeking to appeal *in forma pauperis* "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1). "Title 28 U.S.C. § 1915(a)(3) further states that the district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in 'good faith' (i.e., if the appeal fails to present a non-frivolous issue)." *Morse v. Codilis & Stawiarski, PC*, No. 4:16-CV-279, 2017 WL 7050644, at *1 (E.D. Tex. Oct. 31, 2017) (quoting *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986)). "An appeal is

4

taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Id.* at 2 (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). The burden is on the movant to "demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)).

### III.    ANALYSIS

Plaintiff failed to include an affidavit stating the issues that she intends to present on appeal and does not state in either her Notice of Appeal (Dkt. 78) or her Motion for Leave (Dkt. 79) any arguments she wishes to raise on appeal. As Plaintiff has failed to comply with Rule 24(a)(1) of the Federal Rules of Appellate Procedure and the Court cannot discern any argument Plaintiff wishes to raise, the Court must conclude Plaintiff's appeal is not taken in good faith. *See* FED. R. APP. P. 24(a)(1); *Morse*, 2017 WL 7050644, at *2 ("Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them." (citing *Yohey v. Collins*, 985 F.2d 222–25 (5th Cir. 1993))).

Additionally, Plaintiff's appeal is untimely. Plaintiff filed the Motion for Leave (Dkt. 79) on March 3, 2023—approximately sixty-five days after the Court's December 28, 2022 Order (Dkt. 77). Once the Motion for Reconsideration (Dkt. 74) was denied, Plaintiff had thirty-days to file an appeal of the final judgment. *See Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) ("Once the rule 59(e) motion was ruled upon, the thirty-day period for appeal began running anew." (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc); FED. R. APP. P. 4(a)(4))). Thus, Plaintiff had until January 27, 2023, to file her

appeal.[2] Because Plaintiff's appeal is untimely, this is an additional basis to find her appeal is not taken in good faith. *See Charles L.M.*, 884 F.2d at 871 ("The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal. The appellant here had ample opportunity to request reconsideration and, following its denial, to file a timely notice of appeal. His notice, instead, being untimely, the appeal is DISMISSED."); *see also Hills v. Lamar Cnty. Sch. Dist.*, No. 2:06CV53, 2013 WL 4553095, at *1 (S.D. Miss. Aug. 28, 2013) (collecting cases) ("The Court denies this motion and certifies that [the plaintiff's] appeal is not taken in good faith because she failed to file a timely notice of appeal.").

Thus, the Court concludes Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## IV.  CONCLUSION

For the foregoing reasons, the Motion for Leave (Dkt. 79) is hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear whether Plaintiff is seeking to appeal the final judgment, which in the Motion for Reconsideration (Dkt. 74) she sought to vacate, or solely the Court's December 28, 2022 Order (Dkt. 77) denying the Motion for Reconsideration (Dkt. 74). Regardless, the time for Plaintiff to have appealed the Court's December 28, 2022 Order (Dkt. 77) would be the same under either Rule 4(a)(1)(A) or Rule 4(a)(4)(A).